**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK**

***DECLARATION OF F. PAUL BATTISTI, ESQ.***

I, F. Paul Battisti, Esq., to the best of my knowledge, declare under penalty of perjury that the following is true and correct:

1. I am currently the District Attorney of Broome County. Prior to becoming District Attorney in 2024, I was an attorney in private practice since 2005. While in private practice, I was predominately a criminal defense attorney in Broome County and elsewhere. I performed criminal defense work from 2006 to 2023. In that capacity, I worked for another firm and, also, later in my career, owned my own firm. During my time as a defense attorney, I regularly handled criminal cases in both state and federal courts. Many, if not most, of my cases were related to drug trafficking and related offenses.

2. Shameek Halls retained me to represent him in 2019 in connection with a prosecution by the U.S. Attorney's Office for the Northern District of New York.

3. In March of 2020, Mr. Halls was indicted on a 22-count indictment. On or about July 7, 2021, Mr. Halls pled guilty to counts 1, 9, 19, 21 and 22 of the indictment. On February 9, 2022, the district court sentenced Mr. Halls to 240 months: 180 months on counts 1, 9, 19 and 21 to run concurrently and 60 months on Count 22 to run consecutively to all other counts. Mr. Halls was also sentenced to supervised release and forfeiture of property. I filed a notice of appeal for Mr. Halls on February 22, 2022. I was not retained to represent Mr. Halls on appeal.

4. On or about May 6, 2026, Mr. Halls filed a Motion to Vacate under 28 U.S.C. § 2255, claiming that I rendered ineffective assistance of counsel in connection with my representation of him in the above-referenced case.

5. I write this declaration in response to allegations made by Mr. Halls in his motion, consistent with this Court's Order, dated May 22, 2026 that Mr. Halls waived the attorney-client privilege with respect to the claims he has raised in his motion.

6. As an initial matter, during the course of my representation with Mr. Halls on this case, I met with him to discuss all stages of the case from pretrial decisions of strategy, to plea negotiations, to sentencing. I was provided discovery by the government and went through all the discovery provided. I also went through all discovery with Mr. Halls both via phone and in person while he was incarcerated. I spent substantial time with Mr. Halls on the case. As an illustration, at the time of plea on this case, I had already spent between 30-50 hours on this case. In addition to the time spent reviewing discovery and meeting with Mr. Halls, I and my legal team also conducted an independent investigation into the case. From my work on this case including reviewing discovery, discussions with Mr. Halls and discussions with my investigators on this case, I did not (and do not) know of any defenses that would prevail if Mr. Halls went to trial.

7. Mr. Halls raised several issues with my representation in his 28 U.S.C. § 2255 motion. Mr. Halls broadly raised that I: failed to conduct an adequate and independent pretrial investigation, failed to attempt to negotiate a favorable plea agreement, failed to discuss and explain the PSR with him, failed to file objections to the PSR and failed to argue for mitigation of his punishment. Mr. Halls also raises additional complaints within these sections. All of these are baseless, as will be detailed within.

8. Mr. Halls first claims that I failed to conduct an adequate and independent pretrial investigation into both the facts of the case and the law. As part of his claim that I failed to investigate the facts, Mr. Halls asserts I did not conduct an independent investigation into his case

including by not hiring an investigator. This assertion is false. In Mr. Halls case, I utilized investigators employed by my office to conduct an independent investigation into Mr. Halls conduct. My investigators spoke to witnesses and other individuals relevant to Mr. Halls case including homeowners and individuals that owned properties relevant to investigation. Mr. Halls was aware that I had investigators working on his case and that the information we uncovered did not support a viable defense for his case.

9. As part of this same argument that I failed to adequately investigate his conduct, Mr. Halls also claims that I failed to investigate various "key facts" including drug quantities attributable to him, the "in furtherance" element of 18 U.S.C. § 924(c), his leadership role in the offense, the premises enhancement and an enhancement for a threat of violence. These arguments are also baseless.

10. As to the drug quantities, Mr. Halls alleges that I failed to investigate key facts about his drug quantities and also failed to explain to him how the drug quantity determined his base offense level. This is not true. In discovery, the government provided credible evidence supporting the drug weight attributable to Mr. Halls. I went through those materials with him. Based on my office's investigation, my review of discovery and my discussions with Mr. Halls on this issue, the credible evidence supported that Mr. Halls possessed *at least* the weight the government was willing to stipulate to and, in fact, Mr. Halls had greater exposure than the stipulated drug weight. Also, not only did Mr. Halls face a possible greater drug weight without a stipulation, he also faced the possibility that the government could supersede the indictment to a mandatory minimum drug charge. Therefore, it was my belief that it benefitted Mr. Halls to agree to the stipulated drug weight rather than risk exposure to a higher weight or mandatory minimum

weight. I discussed all of this with Mr. Halls. I also discussed how his drug quantity determined his offense level. Further, Mr. Halls and I discussed how other enhancements may also apply (even if not agreed to by the parties) and, if they did apply, how they could affect Mr. Halls' sentence. Mr. Halls expressed understanding on all of these issues. Mr. Halls concurred in my assessment regarding his exposure on drug weight and acceptance of the stipulated drug weight provision as an attempt to avoid a higher drug quantity or a mandatory minimum weight for drugs; therefore Mr. Halls advised to me that he wished to accept the plea agreement, including the stipulation on this matter.

11. As to the "in furtherance" argument, Mr. Halls claimed I failed to investigate whether the conduct engaged in by him supported 18 U.S.C. § 924(c), that I failed to explain the implications of the plea agreement pertaining to this charge and that I failed to challenge this charge in the PSR. These arguments are all without merit. The government provided discovery that detailed Mr. Halls' possession of firearms at three different locations attributable to him, including at two locations where items utilized by Mr. Halls as part of his drug trafficking were also located. The government also provided discovery that Mr. Halls carried firearms during his drug trafficking and reportedly used firearms, at times. From my experience in handling cases of this type and my review of the law on this matter, I am (and was at the time) aware that the evidence the government possessed was sufficient to support 18 U.S.C. § 924c charges against Mr. Halls at multiple locations. I discussed this with Mr. Halls on several occasions and he expressed understanding. In the context of this discussion, I also discussed the operation of 18 U.S.C. § 924c charges in conjunction with other charges; particularly, I discussed that the provision of 18 U.S.C. § 924(c) that Mr. Halls was charged with required a five-year consecutive sentence to any other

charges. In explaining this to Mr. Halls, I discussed his guidelines on the other offenses including the impact of stipulated sentencing enhancements and how other possible enhancements Mr. Halls faced might affect his guidelines. Mr. Halls acknowledged this information and expressed understanding prior to advising me he concurred and he wished to enter into the plea agreement on this matter.

12. As part of his arguments on this issue, Mr. Halls also asserts that I failed to challenge the sufficiency of the evidence of the 18 U.S.C. § 924(c) in the PSR. It is accurate that I did not challenge this issue in the PSR or at sentencing. As detailed above, the evidence supported the charge, Mr. Halls admitted his conduct satisfied the charge, he advised me he wished to plead guilty to the § 924(c) charge pursuant to the plea agreement and he subsequently pled guilty wherein he admitted that he possessed the firearms "in furtherance of his drug trafficking activities." Therefore, objecting to the charge would have been contrary to our defense strategy (and his plea of guilty on that charge) and counterproductive to his acceptance of responsibility. Mr. Halls concurred in this strategy and did not request that I challenge this issue in the PSR or at sentencing. I believed at that time and continue to believe that evidence supports this charge.

13. Mr. Halls further claims I failed to examine his role in the offense. This is false. The evidence provided by the government and my investigation into this case supported Mr. Halls involvement in a conspiracy, including that Mr. Halls exercised control over others by, among other things, having individuals deal drugs on his behalf. At the time of Mr. Halls case, I was aware of the law on this issue and that Mr. Halls conduct could support a guidelines enhancement as a leader/organizer. I discussed this with Mr. Halls. Since the government did not require that Mr. Halls admit to a leadership role in the plea agreement in this case, our defense strategy on this

issue was to argue against this enhancement, if it was proposed. Mr. Halls concurred with the strategy on this issue. When this enhancement was proposed, I objected to its imposition and argued against it, consistent with our defense strategy.

14. Mr. Halls further claims that I failed to challenge that he maintained a premises for drug-related activities and, also, that I failed to gather independence evidence to rebut this allegation. This is false. Not only did I receive evidence from the government supporting Mr. Halls maintaining multiple locations for drug trafficking, my discussions with Mr. Halls and my office's independent investigation also supported such a finding. At the time of Mr. Halls case, I was aware of the law on this issue and that Mr. Halls conduct supported the imposition of this enhancement. I discussed this with Mr. Halls and he expressed understanding. There was not a viable argument to be made on this issue; further, I believed that openly accepting responsibility on this stipulation (especially when it was going to be imposed, regardless) could benefit Mr. Halls by further illustrating his acceptance of responsibility. Mr. Halls concurred in this decision and advised me that he wished to accept this stipulation.

15. Mr. Halls also claims that I failed to challenge the "threat of violence enhancement." This is false. The government provided evidence that supported this enhancement and, at the time of Mr. Halls case, I was aware of the law on this issue and that Mr. Halls conduct could support a guidelines enhancement for this conduct. I discussed this with Mr. Halls. Our defense strategy on this issue was to object to this enhancement; I did just that.

16. In summary, Mr. Halls signed a plea agreement with the government after we extensively reviewed the evidence together at length, discussed possible defenses, discussed guidelines stipulations, discussed other possible guidelines enhancements and discussed defense

strategies. I reviewed a proposed plea agreement provided by the government in detail with Mr. Halls and explained its many provisions to him, including the factual basis alleged by the government and the maximum penalties he faced at sentencing, including the mandatory consecutive sentence he faced from the 18 U.S.C. § 924(c) count to which he would be pleading guilty under the agreement. I also explained how that charge interacted with the possible guidelines sentence on the other counts. I believed (and still believe) that every fact presented in the plea agreement was true and that the evidence at trial would have been sufficient to prove Mr. Halls' guilt to all counts beyond a reasonable doubt. After Mr. Halls plea, I reviewed the PSR findings with him and explained those findings. He appeared to understand everything we discussed; I answered all of his questions. Mr. Halls and I also discussed strategies about how to handle various inaccuracies in the PSR and objections; based on those discussions, I made the objections to the PSR dictated by our discussions and strategy. I did not decline to make any objections on the case. Finally, in my sentencing memorandum and at sentencing, I argued for a sentence well below the guidelines based on the objections raised, characteristics of the defendant and the background of his offense.

17. Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2026
Binghamton, New York

By: ______________________
F. Paul Battisti, Esq.